Judge Owsley
delivered the opinion of the court.
This is an appeal from a judgment of restitution rendered against the appellant, on the trial of a traverse taken to the inquest of a jury had under a warrant which issued from a justice of the peace, for a forcible entry and detainer, at the instance of the appellee.
On the trial in the court below the appellee asserted his claim for restitution through a certain Richard Stephens, from whom a certain Francis Coulter leased the land in contest, and having proved that Coulter was in the possession of the land at the date of the lease from Stephens, introduced evidence conducing to prove that the appellant obtained the possession through Coulter, the court instructed the jury, that if they believed the appellant held under Coulter by permission, consent or connivance of him, they must find for the appellee.
These instructions, we are of opinion, are erroneous.
The appellee claiming through Stephens certainly cannot occupy more favorable ground than Stephens would do were he attempting to obtain restitution. And that Stephens would not, under the act regulating proceedings in writs of forcible detainer, have been entitled to restitution for a refusal of Coulter to deliver the possession, is perfectly clear. For as Coulter is proven to have been in possession of the land before he obtained the lease from Stephens, his accepting the lease cannot have subjected him to restitution for a refusal to deliver the possession after its termination, as was decided in the case of Helm against Slader, fall term, 1818, of this court. 1 Marshall, 320.
And if Coulter could not have been compelled to make *151 restitution, the the principle is not perceived upon which the appellant, claiming under him, can be subjected to restitution. There may be a propriety in subjecting those obtaining possession from a tenant to any proceeding which might have been had against the tenant for the purpose of obtaining the possession, but we are aware of no principle which will give to the landlord a remedy against the alienee of the tenant, which could not be asserted against the tenant.
B. Hardin for appellant, Bibb for appellee.
The judgment must therefore be reversed with cost, the cause remanded, and further proceedings had not inconsistent with this opinion.